UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JEREMY DANIEL GROSECLOSE**, <br><br> Defendant. | Case No. 21-cr-311 (CRC) |

## OPINION AND ORDER

Defendant Jeremy Daniel Groseclose has been charged with multiple criminal counts related to his alleged actions at the U.S. Capitol on January 6, 2021. With trial now looming, Groseclose has filed two motions to dismiss: one motion to dismiss the 18 U.S.C. § 1512(c)(2) charge based on purported deficiencies in the superseding indictment and the underlying statute and another to dismiss the entire case due to selective prosecution. The Court will deny each of these motions as untimely and otherwise meritless.

First things first: timeliness. In the most recent trial scheduling order, the Court reminded Groseclose that the "deadline for Defendant to file any pretrial motions to dismiss under Fed. R. Crim. P. 12(b) was **March 22, 2022**." Revised Pretrial Order, ECF No. 60 at 1 (emphasis in original); see also Revised Pretrial Order, ECF No. 54 at 1 (setting this deadline). After noting that it previously had denied Groseclose's motions to dismiss that were filed on time, the Court made clear that "[n]o further such motions may be filed without leave of Court." Id. at 1–2. The scheduling order then proceeded under the banner "Suppression Motions" to direct that "[a]ny motions to suppress statements or tangible things shall be filed on or before August 18, 2023." Id. at 1. On that day, Groseclose filed one suppression motion asking the Court to exclude certain videos displaying scenes from the Capitol on January 6. See Mot. in Limine to Exclude Montage Video Exhibits, ECF No. 62. Then, contrary to the scheduling order, Groseclose also

filed the present motions to dismiss without seeking leave or even explaining the year-and-a-half delay.[1]  See Mot. to Dismiss Count Two, ECF No. 61; Mot. to Dismiss Case, ECF No. 63.  That's not how this works.  Parties are not free to ignore this Court's deadlines by filing tardy motions without first requesting permission.  The Court thus denies both motions to dismiss as markedly untimely.

Even if the Court were to excuse the tardiness, however, it would find both motions lacking.  Groseclose first requests that the Court dismiss the charges brought under 18 U.S.C. § 1512(c)(2) for obstructing an official proceeding.  Although the Court already rejected a prior motion to dismiss this count, see Op. & Order, ECF No. 50 at 10–15, Groseclose contends that the Circuit's intervening decision in United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023), has shifted the legal landscape and now necessitates dismissal.  Specifically, Groseclose asserts that (1) the fractured opinion in Fischer held that § 1512(c)(2)'s prohibition on obstructing an "official proceeding" covers only conduct that "impairs the integrity or availability of evidence," such as document destruction; (2) Fischer demonstrates that § 1512(c)(2) is unconstitutionally vague; and (3) the ensuing uncertainty in Fischer's wake renders it impossible for defense counsel to provide adequate legal advice.  None of these arguments withstand scrutiny.

Regarding the scope of the law's act element, Groseclose asserts that Fischer had no majority opinion on this issue and that, somehow, Judge Katsas's dissent adopting a cabined definition actually controls.  See Mot. to Dismiss Count Two at 2–9.  Not so.  Fischer clearly has a majority opinion on the statute's act requirement, as Judge Walker concurred in the lead

---

[1] While the delay in filing the motion to dismiss the 18 U.S.C. § 1512(c)(2) charge may be due to the Circuit's intervening decision in United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023), the Court cannot divine any good cause for the prolonged delay in filing the selective-prosecution motion.

opinion's central holding that § 1512(c)(2) covers "all forms of obstructive acts" and is not limited to conduct impairing evidence. See Fischer, 64 F.4th at 337; id. at 351 (Walker, J., concurring) ("I thus concur in the Court's judgment and join the lead opinion's interpretation of (c)(2)'s act element."). Unsurprisingly, courts in this District have uniformly held that Fischer's lead opinion, not its dissent, defines the scope of § 1512(c)(2)'s act element. See, e.g., United States v. Mock, No. 21-cr-444 (JEB), 2023 WL 3844604, at *4 (D.D.C. June 6, 2023); United States v. Connell, No. 21-cr-84 (PLF), 2023 WL 4314903, at *3–4 (D.D.C. July 3, 2023); United States v. Warnagiris, No. 21-cr-382 (PLF), 2023 WL 6926491, at *7 (D.D.C. Oct. 19, 2023). The Court follows this eminently sensible approach here and holds that obstructing an official proceeding means what the lead opinion in Fischer said it means—a capacious definition which includes interfering with congressional proceedings, such as the Electoral College certification. See Fischer, 64 F.4th at 342.

Groseclose next challenges § 1512(c)(2)'s scienter requirement, asserting that Fischer's fractured opinion on the meaning of "corruptly" renders the law unconstitutionally vague and prevents defense counsel from providing adequate representation. Once more, courts in this District have rejected these arguments without fail. See, e.g., Mock, 2023 WL 3844604, at *3–4; Connell, 2023 WL 4314903, at *5–6; United States v. Munchel, No. 21-cr-118 (RCL), 2023 WL 2992689, at *5 (D.D.C. Apr. 18, 2023). The Circuit recently expressed approval of these holdings in United States v. Robertson, No. 22-3062, 2023 WL 6932346 (D.C. Cir. Oct. 20, 2023), noting the defendant there was prudent to abandon his vagueness argument on appeal because such an argument faced an "uphill battle . . . in light of his use of wrongful—indeed, felonious—means with the intent to obstruct an official proceeding," id. at *10 n.7. Thus, despite the intervening decision in Fischer, not much has changed since the last time the Court

denied Groseclose's motion to dismiss the § 1512(c)(2) count.  The Court therefore rejects the renewed request to dismiss this charge.[2]

Groseclose's motion to dismiss the entire case based on selective prosecution fares no better.  The standard for selective prosecution claims "is a demanding one," United States v. Armstrong, 517 U.S. 456, 463 (1996), requiring the defendant to prove that the decision to prosecute "had a discriminatory effect and that it was motivated by a discriminatory purpose," id. at 465 (citation omitted).  Groseclose attempts to meet this exacting standard by pointing to others who, in his eyes, are similarly situated but were not prosecuted for obstructing official proceedings or any other crime.  These include demonstrators arrested at now-Justice Kavanaugh's confirmation hearings, activists removed from a congressional hearing after objecting to Medicaid cuts, environmental protesters who allegedly impeded access to the Capitol in an effort to force a vote on a climate emergency resolution, and persons who attacked a federal courthouse in Portland, Oregon, in the summer of 2020.  See Mot. to Dismiss Case at 4–15.  Other courts have considered and rejected many of these same arguments before, finding that these protesters were not similarly situated to the rioters who stormed the Capitol on January 6, 2021.  See, e.g., United States v. Judd, 579 F. Supp. 3d 1, 4–9 (D.D.C. 2021); United States v. Rhodes, No. 22-cr-15 (APM), 2022 WL 3042200, at *4–5 (D.D.C. Aug. 2, 2022); United States v. Brock, 628 F. Supp. 3d 85, 101–03 (D.D.C. 2022); United States v. Padilla, No. 21-cr-214 (JDB), 2023 WL 1964214, at *5–7 (D.D.C. Feb. 13, 2023).  The Court will not revisit this well-trodden ground, as it agrees in full that it is a tall task to find similarly situated individuals here

---

[2] Groseclose alternatively requests that the Court stay his trial considering the Supreme Court's pending petitions for certiorari addressing this matter.  See, e.g., Fischer v. United States, No. 23-5572 (U.S. Sept. 13, 2023).  The Court sees no good reason to continue the proceedings here on the off chance the Supreme Court takes up the issue and the even more remote prospect that it upends the well-settled law in this District.

considering that the January 6 riot was an unprecedented assault on the Capitol and on our democratic institutions. And regardless, identifying similarly situated persons is just the first step. A defendant still must come forward with evidence of discriminatory *intent*. See Brock, 628 F. Supp. 3d at 103. Groseclose has not even tried to meet his burden on this score, nor could he: It is hardly surprising or suspect that the Department of Justice made the January 6 riot an enforcement priority and has distinguished it from various other political protests.[3]

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 61] Defendant's Motion to Dismiss Count Two Or, in the Alternative, to Stay the Case is DENIED; it is further

**ORDERED** that [Dkt. No. 63] Defendant's Motion to Dismiss Case for Selective Prosecution is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: October 27, 2023

---

[3] Because Groseclose has not offered any evidence suggesting that his prosecution was the result of discriminatory effect or intent, the Court also denies his alternative (and even more belated) request for discovery on this issue. See Armstrong, 517 U.S. at 468–70.