UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CASE NO. 1:21-cr-00311-CRC |
| JEREMY DANIEL GROSECLOSE, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OBJECTION TO THE DEFENDANT'S EXHIBITS**

Pursuant to the Court's Pre-Trial Order, ECF No. 60 ¶ 8, the defendant has disclosed seven exhibits to the United States that he plans to use at trial. They are: (1) a numbered map of areas on and around the United State Capitol grounds where demonstrations may be permitted and (2) six demonstration permits issued by the United States Capitol Police for January 5 and 6, 2021.[1] As the defendant's exhibits make clear, all these permits allowed demonstrations on parts of the Capitol grounds outside of the restricted area around the Capitol building. The United States objects to these exhibits, which are of minimal probative value and risk confusing the issues and misleading the jury.

Pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: … confusing the issues [or] misleading the jury …." In other cases arising out of the riot on January 6, 2021, defendants have sought to introduce these or similar documents to argue that the existence of demonstration permits by the U.S. Capitol Police somehow undermines the government's proof that the U.S. Capitol

---

[1] The defendant has also notified the government of his intent to offer materials from social media accounts to prove that he posted content online, which is ostensibly meant to show that on January 6, he acted with the intent to gather and publish information about what was happening at the U.S. Capitol, and that this negates the government's proof of his *mens rea*. The government has not yet received these exhibits from the defendant, nor an exhibit list identifying them. The government will reserve objections until it receives such documents.

building, and part of the Capitol grounds, were restricted on January 6, 2021. E.g., *United States v. Leo Kelly*, 1:21-cr-00708 (RCL), ECF No. 96 (Defendant's Trial Brief); *United States v. Darrell Neely*, Cr. no. 1:21-cr-642 (JDB), ECF No. 94 at 10-16 (United States' Trial Brief). In this case, the government understands that the defendant intends to use these exhibits to show that demonstrations were authorized on the Capitol grounds, which—according to him—explains his reason for travel to Washington, D.C., and for the crowds present on the Capitol grounds that day. Ostensibly, this will be relevant to his *mens rea*.

This evidence, offered for the defendant's stated purpose, would raise serious concerns of confusing the issues and misleading the jury, and those dangers substantially outweigh the minimal-to-no probative value of this evidence. This is so for several reasons. First, the government's evidence makes clear that the defendant traveled to Washington, D.C., at least in part to attend the former President's rally,[2] but the former President's rally was on the National Mall and at the Ellipse, not on Capitol grounds. In the defendant's own communications from January 6, 2021, he spoke about traveling to Freedom Plaza, which is near the Ellipse and not near the demonstrations discussed in his proposed exhibits. The government is aware of no evidence that the defendant was aware of or planned to attend any of those demonstrations, much less that he traveled to Washington, D.C., to attend them. And even if he had been aware of those demonstrations and had planned to attend them, the government is aware of no evidence that the

---

[2] The defendant's Facebook communications also contain evidence of discussion, a week before January 6, 2021, of storming the Capitol Building. On December 29, 2021, the defendant exchanged messages with another Facebook user, in which they discussed a caravan of cars traveling from various locations to Washington, D.C. in support of the former president. During the course of their messages on December 29, this other user sent the defendant a photo of the Capitol building captioned: "Occupy Congress #OccupyCongress / If they don't hear us they will fear us / The great betrayal is over / Election fraud is treason / January 6, 2021." The conversation continued after this, which supports an inference that the defendant saw this graphic.

defendant ever saw or knew about the demonstration permits. Simply put, absent very specific foundation that probably does not exist, and could only come from the defendant's own testimony, those permits are irrelevant. So, at the very least, the defendant should be prohibited from cross-examining the government's witnesses about them.

These permits also risk confusing the issue because the jury might hear that demonstrations were permitted on Capitol grounds and infer, incorrectly, that the demonstrations were permitted inside the area around the Capitol building that was restricted on January 6, 2021. They were not. The permits assign specific areas where the demonstrations may take place, and all of those locations were outside the restricted area. Indeed, Lieutenant Scott Grossi, one of the U.S. Capitol Police officials responsible for reviewing permit applications, has testified in prior trials that these demonstrations were permitted outside of the restricted area, and no demonstrations were permitted inside the restricted area. *Neely*, Trial Tr. 5/23/2023 at 377; *Kelly*, Trial Tr. 5/05/2023 at 173.

The defendant apparently also wants to introduce evidence that there were large crowds on the Capitol grounds when he arrived there, including within the restricted area; he may want to argue, from that evidence, that he did not see the signs and barriers around the Capitol, and did not know that he was forbidden from entering and remaining in the restricted area. To be clear, the government views this as permissible and appropriate argument, and does not object to it. But the permits do not influence what the defendant saw and heard when he arrived on Capitol grounds. The focus should be on his experience, not on whether other people had permission to gather outside the barriers.

The defendant may argue that the government's argument is hypocritical, here: after all, the government plans to introduce evidence that the area was restricted, which may involve

testimony about internal law enforcement decisions the defendant did not know about and barriers that the defendant did not see. But, in addition to proving the defendant's *mens rea*, the government also bears the burden of proving the fact that a restricted area existed and the fact that the defendant was not lawfully permitted to enter it or remain within it. This is why such evidence will be relevant to the government's case. Permits for other protests, outside the restricted area, do not challenge the existence of the restricted area, do not establish any sort of permission to enter it or remain within it, and do not illuminate the defendant's *mens rea*. The evidence will needlessly risk confusing the jury without adding anything of probative value. Accordingly, without the appropriate foundation, the Court should preclude the use of these exhibits.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Michael J. Romano*
Michael J. Romano
IL Bar No. 6293658
Deputy Chief, Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W., Rm. 6.1203
Washington, D.C. 20530
michael.romano2@usdoj.gov
(202) 252-7154

*/s/ Anthony W. Mariano*
Anthony W. Mariano
MA Bar No. 688559
Trial Attorney, Detailee
United States Attorney's Office
for the District of Columbia
601 D Street NW
Washington, DC 20579
Anthony.Mariano@usdoj.gov
(202) 476-0319