UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CASE NO. 1:21-cr-00311-CRC |
| JEREMY DANIEL GROSECLOSE, : | |
| : | |
| Defendant. : | |

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUBSTITUTE COUNSEL AND
DEFENDANT'S MOTION FOR RECONSIDERATION

The defendant, Jeremy Groseclose, faces criminal charges based on his participation in the riot on January 6, 2021, an event that took place more than two and a half years ago. He was charged and arrested by the end of February, 2021. He has been represented by two capable attorneys; his current counsel, Ms. Hernandez, has represented him for more than two years. And due to her busy schedule, the defendant's trial has been continued twice, each time for lengthy periods. Now, twelve days before his trial date, the defendant seeks to replace Ms. Hernandez with a new attorney, William Shipley. Based on Mr. Shipley's representations, this substitution—if granted—would force the Court to continue this matter for at least two and a half months. Balancing the interests here, the Court should deny this motion and retain the current trial date. The Court should also deny the defendant's motion to reconsider its denial of his motions to dismiss.

**PROCEDURAL HISTORY**

On February 22, 2021, the United States obtained a warrant for the defendant's arrest. He was arrested three days later, on February 25, 2021, and made his initial appearance in the District of Columbia, before Magistrate Judge Faruqi, on March 2, 2021. At the time, he was represented

1

by Mark Carroll. The defendant waived his right to a preliminary hearing and was indicted on April 21, 2021.

On May 12, 2021, the defendant made his first appearance (by video) before this Court. He was arraigned at that time. About a week before his arraignment, the Court entered a protective order regarding discovery in this case; the United States subsequently produced discovery to the defendant through Mr. Carroll.

On September 9, 2021, the defendant appeared (by video) for a status conference. The Court set a further status conference for November 9, 2021. But four days later, Mr. Carroll moved to withdraw, and the Court held an intervening hearing on September 23, 2021, at which it granted Mr. Carroll's request to withdraw. On October 5, 2021, Ms. Hernandez entered her appearance for the defendant; she has represented him since that day.

On March 10, 2022, the Court scheduled a trial date of August 8, 2022. On May 11, 2022, the defendant moved to continue the trial because of a conflict with another of Ms. Hernandez's cases. The government did not oppose this motion; on May 12, the Court granted it, continuing the trial to November 14, 2022. On May 16, 2022, the Court issued a revised pretrial order.

On September 6, 2022, the defendant moved to continue the trial, again because of a conflict with another of Ms. Hernandez's cases. The Court originally denied this motion in a minute order dated September 12, 2022, but later—following a status hearing on October 31, 2022—the Court vacated the trial date. The Court continued trial in this matter to June 5, 2023.

On May 10, 2023, the defendant moved for the third time to continue his trial. Following a hearing on May 11, 2023, at which the defendant appeared by video, the Court continued trial in this matter to November 13, 2023. At the hearing on May 11, government counsel raised the issue of whether, given Ms. Hernandez's trial schedule, she had sufficient time to prepare for this case,

and whether she should remain. The Court spoke with Ms. Hernandez and the defendant, *ex parte*, and Ms. Hernandez remained on the case.

During the pendency of this case, Ms. Hernandez's schedule was indeed quite congested with other matters. She represented Gabriel Brown in the matter of *United States v. Moore et al*, 1:18-cr-00198, a case involving first-degree murder and kidnapping; trial ran from September 19, 2022, through November 1, 2022. She represented Zachary Rehl in the matter of *United States v. Ethan Nordean et al*, 1:21-cr-00175 (TJK). This was a six-codefendant trial of high-level members of the Proud Boys on charges of seditious conspiracy and related offenses. Trial ran from December 19, 2022 through May 4, 2022. She represented Donovan Crowl in the matter of *United States v. Caldwell et al*, 1:21-cr-00028 (APM). This was a twenty-codefendant case involving high-level members of the Oath Keepers on charges of seditious conspiracy and related offenses. The matter proceeded to trial with two groups of defendants; Crowl was convicted on July 12, 2023 following a stipulated trial.[1] This heavy and lengthy trial schedule, involving complex matters, persuaded the United States not to oppose the defendant's first two motions to continue this case.

The parties have been diligently preparing for the November 13, 2023, trial date and have been in frequent communication. On November 1, 2023, Ms. Hernandez informed undersigned counsel that Mr. Shipley intended to move for substitution of counsel and to continue the trial. Mr. Shipley filed his motion later that evening. (ECF No. 72.) Based on Mr. Shipley's motion, and on communications between counsel, the government understands that the defendant spoke with Mr. Shipley for the first time about the defendant's case on October 31, 2023—thirteen days before

---

[1] Disposition of Crowl's case via stipulated trial belies the complexity of the Oath Keepers' case and the scheduling difficulties it created. There were almost a thousand docket entries in the *Caldwell et al* case before Crowl was found guilty.

his trial date.² Mr. Shipley's motion makes clear that, if he is substituted for Ms. Hernandez, this matter would need to be continued until at least February 2024 or later, resulting in a continuance of at least two and a half months.

## ARGUMENT

The defendant asks the Court to allow him to "substitute counsel of his choice for appointed counsel in his case . . . ." (ECF No. 72 at 2.) But "[a] defendant's right to have the counsel of his choice "is not absolute." *United States v. Turcios*, 1996 U.S. App. LEIXS 30542, at *2 (D.C. Cir. 1996) (*citing United States v. Rettaliata*, 833 F.2d 361, 362 (D.C. Cir. 1987)). Instead, "the right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice.'" *Id.* Where a motion to substitute counsel would also result in a continuance, "[a] trial judge enjoys great discretion in ruling on [the] motion." *United States v. Jefferson*, 974 F.2d 201, 204 (D.C. Cir. 1992) (*citing United States v. Poston,* 902 F.2d 90, 96 (D.C. Cir. 1990)). In ruling on the motion, the Court should consider the following factors:

> (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; (7) and whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature.

---

² Mr. Shipley's motion states that he and the defendant spoke about this on October 21, 2023. (ECF No. 72 at 2.) But in an email sent this morning, Mr. Shipley informed the undersigned and Ms. Hernandez that this was a typographical error, and he first spoke with the defendant on October 31.

4

*Jefferson*, 974 F. 2d at 204 (numbers inserted and internal edits omitted) (*citing United States v. Burton,* 584 F.2d 485, 490-91 (D.C. Cir. 1978)). Here, most or all of the factors support a denial of the defendant's motion, and none support granting it.

First, as noted above, allowing this substitution would delay the trial by at least two and a half months. This is sufficient to support a denial of the defendant's motion. *Turcios*, 1996 U.S. App. LEXIS 30542 at *2-3 (upholding denial of substitution where a delay of eight weeks to four months would result). Second, the defendant already has sought and received three lengthy continuances of trial. Third, the delay would result in inconveniences to witnesses, counsel, and the Court. The government has been diligently preparing for trial and understands that Ms. Hernandez has, too; the government and Court already have accommodated multiple scheduling changes in this case; and the government has now scheduled, held, and rescheduled witness conference several times.

Fourth and fifth, the Court should consider the reason for the delay and the defendant's contribution to it. Mr. Shipley represents that the motion to substitute counsel is not filed for the purpose of causing undue delay. (ECF No. 72 at 3.) The government accepts Mr. Shipley's representations and notes that he filed his motion promptly. But the Court has a basis to find that the defendant is seeking substitution for the purpose of causing delay. On November 1, 2023, the government became aware that the defendant's girlfriend set up a fundraising account for the defendant on the platform GiveSendGo.com; the government's evidence suggests this fundraiser was created on October 31, 2023. As of this filing, more than $35,000 has been raised for the defendant. In the post advertising the fundraiser, the defendant's girlfriend wrote the following:

> This is a fund I have put together for my husband[3] Jeremy Groseclose . . . Even through this nightmare that the US government is putting all of us through for his non-violent and non-destructive involvement in j6, he has taken care of [his family]. . . . The financial strain trying to travel back and forth to DC is overwhelming.[4] The immense cost of hotel expenses, travel, childcare and more just before the holidays is unbearable. The ultimate goal would be for us to raise enough money to get proper representation. As of now we're just hoping to survive the trip up and back for his trial and still be able to have a Christmas for our two children. Our last one together as a family for some time. . . .

This post can be read in two ways: first, that the strain of travel for trial will interfere with the ability of the defendant's family to afford to celebrate Christmas, and he is trying to preserve their ability to celebrate the holiday, but second, that he and his girlfriend anticipate that he will be incarcerated following conviction, and that they are trying to delay the trial until after the holiday. The inference for a dilatory purpose is strengthened by Twitter (now X) messages. In one message, sent on or about October 31, a person connected with another January 6 defendant Tweeted that the defendant's "wife is setting one up [a GiveSendGo fundraiser], he was advised to not put his name on it because the courts are confiscating their [Jan. 6 defendants'] funds." The defendant provides no reason why, if he wanted different counsel and wanted to fundraise to hire that counsel, he failed to do so earlier.

Sixth, the defendant certainly has other competent counsel to try the case. Mr. Shipley is qualified and experienced, and has specific experience defending persons charged with offenses

---

[3] The government's investigation has revealed that the defendant and his girlfriend are not married. They live in Virginia, which does not recognize common law marriage. This is significant to the government's case because, while the two may regard themselves as married, the confidential communications privilege does not apply to messages between them—including messages found in the defendant's phone and Facebook account in which they discuss his participation in the riot on January 6, 2021.

[4] While it is possible that Mr. Groseclose traveled to or from Washington, D.C., to meet with Mr. Carroll or Ms. Hernandez, he has never traveled to Washington, D.C. for any of his court appearances.

6

arising out of this riot. (ECF No. 72 at 3.) But, as noted above, Ms. Hernandez does, too. And seventh, the defendant identifies no prejudice to his case that would stem from going forward with representation by Ms. Hernandez. This case is similar to the matter of *United States v. Poston,* 902 F.2d 90, 96-97 (D.C. Cir. 1990), where

> Poston sought to replace his counsel the day before trial. We held that at that point, granting a continuance would have significantly disrupted the schedules of the court and the prosecution. We also stated that as Poston provided no justification for the delay in selecting new counsel, the trial court could reasonably have concluded that his motion was dilatory, purposeful, or contrived. Therefore, we hold that the district court's denial of the motion was a proper exercise of its discretion.

*Jefferson*, 974 F.2d at 204-05 (internal quotations and citations omitted).

Separately, Ms. Hernandez has filed a motion for reconsideration (ECF No. 70) of the Court's decision (ECF No. 67) denying her motions to dismiss. (ECF Nos. 61 and 63.) The defendant argues that the Court should revisit its decision because discriminatory motive is not an element of a First Amendment free speech selective enforcement claim. (ECF No. 70, *citing Frederick Douglass Found., Inc. v. District of Columbia*, 82 F. 4th 1122, 1131 (D.C. Cir. 2023).) It is not clear whether this case, which was a civil matter dealing with a Section 1983 claim, governs a motion to dismiss a criminal charge. But even if it does, and even if the Court applied the wrong standard based on the *Frederick Douglass Foundation* case (ECF No. 70 at 2), the Court's point still stands that none of the January 6 rioters were similarly situated to the other protesters that the defendant cites—as many courts have found. (ECF No. 67 at 4.) Therefore, the Court's decision to deny the motions to dismiss does not raise the concern that "'injustice' will result" if the Court denies the motion for reconsideration, *United States v. Sunia,* 643 F. Supp. 2d 51, 60 (D.D.C. 2009), because the defendant's claim would fail regardless of whether *Frederick Douglass Foundation* applies. Other than this, the defendant's motion for reconsideration rehashes

7

the defendant's earlier arguments, which have been considered and rejected; the Court need not address them further. *See United States v. Jones*, 511 F. Supp. 2d 74, 77 (D.D.C. 2007).

## CONCLUSION

For the reasons stated above, the defendant's motion to substitute counsel, and to continue this trial, should be denied. Should the Court find a hearing necessary to decide this issue, the government requests that it be scheduled as soon as possible to ensure that the parties may continue preparing for trial. The Court should also deny the defendant's motion to reconsider his motions to dismiss.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:  */s/ Michael J. Romano*
Michael J. Romano
IL Bar No. 6293658
Deputy Chief, Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W., Rm. 6.1203
Washington, D.C. 20530
michael.romano2@usdoj.gov
(202) 252-7154

*/s/ Anthony W. Mariano*
Anthony W. Mariano
MA Bar No. 688559
Trial Attorney, Detailee
United States Attorney's Office
for the District of Columbia
601 D Street NW
Washington, DC 20579
Anthony.Mariano@usdoj.gov
(202) 476-0319