UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JEREMY DANIEL GROSECLOSE**, <br><br> Defendant. | Case No. 21-cr-311 (CRC) |

**OPINION AND ORDER**

With trial on the horizon, Defendant Jeremy Daniel Groseclose filed two tardy motions to dismiss: one to dismiss the 18 U.S.C. § 1512(c)(2) charge for corruptly obstructing an official proceeding and another to dismiss the entire case due to selective prosecution. After the Court denied each of the motions as untimely and otherwise meritless, Groseclose filed a motion for reconsideration. The Court now denies that renewed motion.

Starting with 18 U.S.C. § 1512(c)(2), while the initial motion to dismiss challenged both the statute's act element and scienter requirement, Groseclose's current motion focuses solely on the latter. Groseclose asserts that the D.C. Circuit's recent opinion in United States v. Robertson, No. 22-3062, 2023 WL 6932346 (D.C. Cir. Oct. 20, 2023), further demonstrates that "corruptly" is unconstitutionally vague. It does not. As the Court explained in its prior opinion, courts in this District have rejected vagueness challenges to § 1512(c)(2) without fail. See, e.g., United States v. Mock, No. 21-cr-444 (JEB), 2023 WL 3844604, at *3–4 (D.D.C. June 6, 2023). The Court strains to envision how Robertson—a decision finding sufficient evidence to establish that the defendant there had acted "corruptly"—dislodges these uniform holdings or in any way indicates that the term is impermissibly vague. To the contrary, the Circuit in Robertson went out of its way to comment that the defendant was wise to abandon his argument that "corruptly" is overly vague given the "uphill battle a vagueness challenge would face in light of his use of

wrongful—indeed, felonious—means with the intent to obstruct an official proceeding." 2023 WL 6932346, at *10 n.7.  Groseclose faces a similarly steep, and ultimately insurmountable, path here.  Robertson made clear that while using "felonious means" is not always necessary to satisfy the "corruptly" element, it is certainly sufficient.  Id. at *17.  Here, Groseclose has been charged with the felony offense of obstructing law enforcement officers during a civil disorder—a serious crime that carries a hefty penalty of up to five years imprisonment.  18 U.S.C. § 231(a)(3); see also Mot. for Reconsideration at 6 (acknowledging Groseclose faces "two felonies").  It is thus hard to see much meaningful daylight between Robertson and Groseclose on this score and even harder to read Robertson as casting doubt on § 1512(c)(2)'s constitutionality.  Groseclose concludes by noting that several Circuit judges have expressed various views on the specific meaning of "corruptly."  See Mot. for Reconsideration at 9–10.  That may well be, but courts have recognized that even if "there [is] no consensus as to the exact definition of the term," such disagreement does not render the statute unconstitutionally vague.  Mock, 2023 WL 3844604, at *4.

   Turning to the selective prosecution allegations, Groseclose's motion highlights that in Frederick Douglass Foundation, Inc. v. District of Columbia, 82 F.4th 1122 (D.C. Cir. 2023), the D.C. Circuit clarified that a defendant need not prove discriminatory intent to make out a claim of selective prosecution based on First Amendment viewpoint discrimination.  See id. at 1136–40.  This clarification may be warranted, but it does not change the outcome here.  After holding that discriminatory intent is not an element in First Amendment selective prosecution claims, the Circuit in Frederick Douglass reiterated that defendants face "a high hurdle" of identifying "similarly situated" persons who were not prosecuted "when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial

decisions with respect to them." Id. at 1137, 1140 (citation omitted).  Groseclose cannot clear that hurdle.  As noted in the prior opinion, courts uniformly have found that the other protesters Groseclose has identified were not similarly situated to the rioters who breached the Capitol on January 6, 2021.  See Op. & Order, ECF No. 67, at 4 (collecting cases).  The new examples in Groseclose's present motion are of the same ilk as those previously offered and do not move the needle.  Indeed, Frederick Douglass proves the point when stating that lawful prosecutorial decisions include "the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan." 82 F.4th at 1137 (citation omitted).  As the Court said in its prior opinion, "[i]t is hardly surprising or suspect that the Department of Justice made the January 6 riot an enforcement priority and has distinguished it from various other political protests." Op. & Order, ECF No. 67, at 5.

The Court concludes where it began last time: with the matter of timeliness.  Groseclose filed both motions to dismiss over a year past the deadline in the Court's scheduling order without explanation.  He belatedly offers a justification in the present motion, contending that intervening legal authority—namely, United States v. Fischer and Frederick Douglass—excuse his tardiness.  While that justification makes sense with respect to the challenge to § 1512(c)(2), the Court still sees no good reason for the delay in the selective prosecution claim given that the prior motion to dismiss did not even mention the intervening change in law.[1]  As it turns out, Frederick Douglass did not require a different result here:  The central issue remains that

---

[1] While the prior motion quotes Frederick Douglas's recitation of the "similarly situated" element of a selective prosecution claim, it does not mention the elimination of the discriminatory intent requirement that numerous district courts had applied up to that point.

Groseclose cannot identify any similarly situated persons who were not prosecuted given that the January 6 riot was, in many respects, an unprecedent event in our nation's history.

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 70] Defendant's Motion for Reconsideration is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: November 8, 2023