**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JEREMY DANIEL GROSECLOSE,**<br><br>Defendant. | Case No. 21-cr-311 (CRC) |

**FINAL SUBSTANTIVE INSTRUCTIONS**

**Count One – Obstructing Officers During a Civil Disorder**

Count One of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following three elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Definitions

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, the Court may consider all of the evidence, including what the defendant did, said, or perceived.

A "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof; and such term shall specifically include, but not be limited to, the collection and distribution of the United States mails.  It does not include Congress's certification of the Electoral College vote.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

For the U.S. Capitol Police, the term "official duties" means policing the U.S. Capitol Building and Grounds and enforcing federal law and D.C. law in those areas.

Attempt has the same meaning as that described for Count Two, below.

**Count Two – Obstruction of an Official Proceeding**

Count Two of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law.  Count Two also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.  The Court will first explain the elements of the substantive offense, along with its associated definitions.  Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

<u>Elements</u>

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant acted with the intent to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" includes a proceeding before the Congress.  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.  As used in Count One, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

The term "knowingly" has the same meaning described in the instructions for Count One.

The "corruptly" element of this offense is construed according to its plain meaning and delineates whether a defendant's conduct is culpable.  There are a variety of ways to prove that a defendant acted "corruptly."  One way to prove that a defendant acted corruptly is to demonstrate that he obstructed or impeded a proceeding by engaging in other independently unlawful conduct.  The government also may meet its burden on this element by proving the defendant had an unlawful purpose or acted with "consciousness of wrongdoing."  "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

<u>Attempt</u>

In Count Two, the defendant is also charged with attempt to commit the crime of obstructing an official proceeding.  An attempt to commit obstruction of an official proceeding is a federal crime even if the defendant did not actually complete the crime of obstructing an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, the Court must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as the Court has defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, the Court may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. The Court must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, the Court may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.  Instead, the Court must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count Two.  A person may be guilty of an offense because he personally committed the offense or because he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing the offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if the Court find beyond a reasonable doubt that the crime

was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, the Court must find that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as the Court has explained those elements in these instructions.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed some act or acts in furtherance of the offense charged.

Fourth, that the defendant knowingly performed that act or those acts for purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the specific offense charged.

Fifth, that the defendant did that act or those acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, the Court must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist,

facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, the Court may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for the Court to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, the Court may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

### Count Three – Entering or Remaining in a Restricted Building or Grounds

Count Three of the indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

7

Second, that the defendant did so knowingly.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense.  Thus, the Court cannot find the defendant guilty of Count Three unless the Court is convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

**Count Four – Disorderly or Disruptive Conduct in a Restricted Building or Grounds**

Count Four of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

8

Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

### Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.  Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "knowingly" and "restricted building or grounds" have the same meanings described in the instructions for Counts One and Three, respectively.

### Count Five – Disorderly Conduct in a Capitol Building

Count Five of the indictment charges the defendant with disorderly or disruptive conduct in a Capitol Building, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

**Count Six – Parading, Demonstrating, or Picketing in a Capitol Building**

Count Six of the indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet

praying.

The terms "knowingly," "United States Capitol Buildings," and "willfully" have the same meanings described in the instructions for Counts One, Three, and Five, respectively.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  November 21, 2023