UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | Case No. 21-cr-00311-CRC |
| ) | |
| JEREMY DANIEL GROSECLOSE., ) | |
| ) | |
| Defendant   ) | |
| ) | |

# DEFENDANT'S REPLY BRIEF TO UNITED STATES BRIEF REGARDING 18 USC 1752 *MENS REA* REQUIREMENT

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

1

NOW comes Defendant Jeremy Groseclose, by and through his undersigned counsel, William L. Shipley, Esq., and respectfully files this reply brief to the Government's brief regarding 18 U.S.C. 1752 *mens rae* requirement.

This Court rendered a partial verdict against Defendant Groseclose on November 21, 2023.  The Court reserved its verdict regarding the counts charging violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2) and directed the parties to address whether the 'knowingly' element in those provisions requires the Government to prove beyond a reasonable doubt that the Defendant had actual knowledge both that the Capitol building and grounds were "posted, cordoned off, or otherwise restricted" on January 6, <u>and</u> that former Vice President Pence was visiting the Capitol on that day.  See, e.g., <u>U.S. v. Hostetter</u>, No. 21-CR-392 (RCL), 2023 WL 4539842 (D.D.C. July 13, 2023) (requiring both findings); <u>United States v. Griffith</u>, No. 21-CR-244-2 (CKK), 2023 WL 3477249 (D.D.C. May 16, 2023) (requiring only that the Defendant know the area is restricted). *See* 11/21/23 Minute Order.

The Government argues in his brief that it has met its burden of proving the *mens rae* element of 18 U.S.C. 1752 by its showing reasonable doubt that Defendant Groseclose was aware he was within a restricted area.  The Government argues that the *mens rae* element of the statute does not require require the Government to prove why the area was restricted, i.e., that Vice President Pence was or would be visiting the Capitol.

Since the date of this Court's minute order, District Judge Nichols has issued a written opinion in <u>United States v. David Elizealde</u>, 21-cr-00170-CJN

ECF No. 39, ruling that to establish the *mens rea* element of a Sec. 1752 offense the Government must prove beyond a reasonable doubt both that the defendant knew the U.S. Capitol and its grounds where "posted, cordoned off, or otherwise restricted" <u>and</u> (2) a "person protected by the Secret Service [was] or [would] be temporarily visiting." Defendant Groseclose contends that Judge Nichols opinion presents the more compelling case.

In reaching the determination that the Government must prove both factual questions, Judge Nichols observed that the Government has affirmatively disclaimed a reading that of the statute that would limit the "knowingly" requirement to only the "restricted building or grounds" formulation. He made that determination because the Government substantively agreed that "knowingly" applied to the entirety of offenses as set forth in Sec. 1752(a)(1) – noting it applied to the defendant entering or remaining in an area; that the area was a restricted building or grounds; and that he lacked lawful authority to be there. Regarding Sec. 1752(a)(2), Judge Nichols observed that the Government similarly applied "knowingly" to multiple parts of the text – that the defendant knowingly engaged in disorderly or disruptive conduct; and that he knew the area was a restricted building or grounds.

He cited <u>Rehaif v. United States</u>, 139 S.Ct. 2191, 2196 (2019) where the Court held that the term "knowingly" in a statute applied to all subsequent listed elements in that statute. As explained by Judge Nichols, the adverb "knowingly" modifies all the transitive verbs that follow, and not just the proximate verb that immediately follows the adverb.

3

Because the Government conceded in that case that "knowingly" modified "restricted building or grounds," it can only prove that element by showing the defendant knew the building or grounds were "restricted." To do so requires proof that the Defendant knew a person subject to Secret Service protection was present or would be present – that is why the building or grounds would be deemed by law to be "restricted."

The Government concedes the same here, stating at P. 4 of its brief that an element of the offense is that the defendant knew he was entering a restricted area and that he knew he lacked authority to do so. As Judge Nichols noted, to "know" the area was "restricted" a defendant needs to know the fact that makes the area of grounds "restricted," i.e., the fact of the Vice President's presence or expected presence. The defendant could have known he lacked authority to be there without knowing the grounds being "restricted." Such a circumstance might have constituted a crime, just not the crimes defined in Sec. 1752(a).

It might be that the Government did prove that Mr. Groseclose knowingly entered or remained in the area, and he knew he did not have lawful authority to do so. But to prove a violation of Sec. 1752(a)(1) or (2), the Government must also have proven that Mr. Groseclose knew the building or grounds he entered were "restricted" at the time he entered or remained -- proof that only comes from establishing factually that Mr. Groseclose knew the Vice President was there or would be visiting in order to meet the statutory definition of "restricted."

A copy of Judge Nichols Order accompanies this Memorandum.

Dated: December 18, 2023            Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
