UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00311-CRC |
| ) | |
| JEREMY DANIEL GROSECLOSE., ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

The Government's opposition to Mr. Groseclose's motion covers nearly six pages of text without once citing the jurisdictional authority of this Court to enter an Order relating to a bank account belonging to Ms. Lauren Dean. All funds donated to the "GiveSendGo" account at issue are now deposited in an account belonging to Ms. Dean. That account was first opened by Ms. Dean in August 2020.

Ms. Dean is the defendant's longtime girlfriend and mother of his two children. Ms. Dean set up the GiveSendGo fundraising account, and that homepage for the account says all funds will be paid to Lauren Dean.

https://www.givesendgo.com/GBA9Q

The mechanics of the site are that GiveSendGo accepts contributions by various means online, including credit cards, and processes those transactions in order to receive the donated funds. At the time the fundraising account is established, it is linked to a bank account into which the donated funds are distributed automatically after collection, with the company takes a small percentage as a processing fee. At that point the funds are moved to the bank account of the owner of the GiveSendGo account. The name on the bank account must match the name of the person identified on the GiveSendGo account as the person who will be receiving the funds. It is not allowed by GiveSendGo to a person named as recipient on the account's home page, and a different person on the name of the bank account where the funds are sent.

Here, both the GiveSendGo account at issue and the bank account into which funds are deposited are in the name of Lauren Dean. The defendant is

not a signatory on the bank account, has never been a joint-account holder, and has no access to the account by ATM card or otherwise.

The balance of the Government's Opposition is a combination of factual conjecture that is inaccurate, and assertions of law that are either inapplicable or not supported by any citation to authority.

Addressing the items of conjecture, Mr. Groseclose and Ms. Dean have no joint bank or other financial accounts; they have no jointly-owed debts or other financial obligations; and they own no assets jointly with one exception – a 1988 Jeep Wrangler which is titled in both of their names.

The Court has jurisdiction over Mr. Groseclose.  It has no jurisdiction over Ms. Dean.  It is axiomatic that "a court generally may not issue an order against a nonparty".  United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988). Personal jurisdiction entails a court's "power over the parties before it."  Molock v. Whole Foods Market Group, Inc., 952 F. 3d 293, 298 (D.C. Cir. 2020) (quoting Lightfoot v. Cendant Mortgage Corp., ___ U.S. ___, 137 S. Ct. 553, 562, 196 L.Ed.2d 493 (2017)).  Nonparties – such as Ms. Dean -- are, by definition, not "parties before [a court]" and are therefore beyond the Court's jurisdiction. Id.

There is no *evidence* Mr. Groseclose – the party before the Court -- owns the funds in the account or has control over them.  While Mr. Groseclose and Ms. Dean have a personal relationship, they are not married and he has no legal claim over property belonging to her – such as funds gifted to her by donors and deposited into her bank account -- regardless of rank speculation employed by the Government to suggest otherwise without any factual basis.

It is not disputed that the original purpose of creating the fund was to raise money to hire retained counsel for trial. The Court refused to allow retained counsel to enter the case because that would have forced a postponement of the trial date that was less than two weeks away. Mr. Groseclose continued with his appointed counsel, and obviously the funds were not used to compensate appointed counsel as that would have been inappropriate.

Now retained counsel has entered the case for purposes of sentencing and appeal. Whether Ms. Dean opts to use the raised funds for the purpose of compensating counsel – as is her right – or for some other purpose, is not a question over which the Court has jurisdiction without having jurisdiction over Ms. Dean herself.

The only case cited by the Government, <u>United States v. Lippitt</u>, 180 F.3d 873, 875 (7th Cir. 1999) is so factually distinct as to render it meaningless. The defendant in <u>Lippitt</u> had been sentenced, and at the time of his sentencing he was the owner of certain real property and the beneficiary of life insurance proceeds. To pay the fine imposed as part of his sentence the Court ordered him to turn over the life insurance payments when received, and to sell the property and deliver the proceeds to the Court. The defendant failed to pay over the first three insurance payments as ordered, and failed to turn over the proceeds from the sale of the property. The Court cited him for contempt.

In taking evidence at the contempt proceedings regarding the real property, facts as established showed that the defendant never actually sold

the property – it was part of a transaction in which no money changed hands and title to the property eventually was transferred to the name of another individual – a name that just happened to be a fictitious name the defendant has used for himself in other transactions.  Ownership of the property was always with the defendant – it was never actually sold and the scheme employed by the defendant after sentencing to make that seem to be the case was a fraud on the court.

The fact that the funds in question here might, in some manner, be used for the benefit of Mr. Groseclose or persons in his life he cares about, is not a basis for this Court to exercise jurisdiction it otherwise lacks over either the funds or Ms. Dean.  Neither circumstance would make the funds the property of Mr. Groseclose for purposes of determining his financial ability to pay a fine.

No "fraud" has been perpetrated on the Court.  A third party created a fundraising site; people interested in Mr. Groseclose's hardship donated money to that third party in response to Mr. Groseclose's circumstances, and that individual seeks to use that money for purposes consistent with the purposes for which the money was donated.

Had the money been donated to Mr. Groseclose, or if it were under the legal care, custody, or control of Mr. Groseclose, this Court's jurisdiction would allow it to exercise control over Mr. Groseclose's conduct so as to prevent access or use of the money.

That Lauren Dean is Mr. Groseclose's long-time girlfriend and mother of his two children is not relevant.  She has an independent obligation to care

for their children and meet her own personal financial obligations. Being willing to contribute to Mr. Groseclose's legal defense costs – if she chooses to do so – does not make the funds the property of Mr. Groseclose.

Among the cases Court cited by the Government as a basis for this Court's maintaining its order is United States v. DeGrave. The undersigned counsel represented Mr. DeGrave.

Mr. DeGrave himself had raised approximately $120,000 for both attorneys fees and to help re-establish himself after his release from custody. This money was deposited in an account opened by Mr. DeGrave so there was no question the property belonged to him.

The Court asked for an accounting of how the funds were spent, and determined that the use of the funds for defense costs was allowable, but that using funds to re-establish his life – renting an apartment, buying furniture, clothing, etc., – was excludable expenses in determining his ability to pay a fine.

But more significantly, the Court found that it could not make a determination as to the Mr. DeGrave's ability to pay a fine because he had failed to cooperate with Probation by providing access to his financial accounts and income from online businesses while he was released. Primarily on that basis – not the fundraising -- the Court imposed a fine of $25,000 – the lower end of the range as determined by the Guidelines.

Based on the foregoing, Defendant Groseclose requests this Court reconsider its prior order with regard to the dissipation of the funds raised via GiveSendGo, or alternatively that the Court clarify its order to make clear that

it does not apply to Ms. Dean who is not a party before the Court, nor does it apply to property that does not belong to Mr. Groseclose.

Dated: December 18, 2023        Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
