UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00311-CRC |
| v. | : | |
| | : | |
| JEREMY DANIEL GROSECLOSE, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' UNOPPOSED MOTION TO DISMISS COUNT 2

Pursuant to Federal Rule of Criminal Procedure 48(a), the United States of America hereby moves to voluntarily dismiss with prejudice Count 2 of the Indictment, which charges the defendant, Jeremy Groseclose, with obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2021, the defendant, Jeremy Groseclose, joined the mob that attacked the Capitol by climbing through a broken window, preventing police officers from closing a door inside the Capitol building and then breaching that door, and obstructing Congress' certification of the Electoral College vote.

In April 2021, the grand jury charged the defendant with several criminal offenses in connection with his conduct on January 6, 2021, including obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 2).  ECF No. 11.  In April 2022, the defendant moved to dismiss Count 2, and this Court denied the motion.  ECF Nos. 37, 50.  In August 2023, the defendant moved again to dismiss Count 2, and this Court denied that motion. ECF Nos. 61, 67.

---

[1] Counsel for the government has conferred with the defendant's counsel via email regarding this motion.  Defense counsel indicated that the defendant does not oppose this motion.

In November 2023, the case proceeded to a bench trial. At trial, the Court issued final legal instructions that, to convict the defendant of obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2, the government was required to prove that "the defendant attempted to or did obstruct or impede an official proceeding." ECF No. 90, at 3. The jury instructions for Count 2 did not specifically require the jury to find that the defendant impaired, or attempted to impair, the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding. The Court found the defendant guilty of four criminal offenses (two felonies and two misdemeanors), including Count 2. Minute Order (Nov. 21, 2023).

On June 28, 2024, the Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176, 2181 (2024). *Fischer* held that Section 1512(c) does not cover "*all* means of obstructing, influencing, or impeding any official proceeding." *Id.* at 2185. The Court held that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 2186, 2190. The Supreme Court remanded the case to the D.C. Circuit for further proceedings and to assess the sufficiency of the indictment on that count. *Id.* at 2190.

## DISCUSSION

Federal Rule of Criminal Procedure 48(a) permits the Government, "with leave of court," to "dismiss an indictment, information or complaint." Fed. R. Crim. P. 48(a). Although the rule is written in terms of the entire charging document (*i.e.*, "indictment," "information," and "complaint"), it also applies to individual counts. *See, e.g.*, *Thomas v. United States*, 398 F.2d

2

531, 537 (5th Cir. 1967) ("The right of the prosecution to move for and the court to grant dismissal of an Indictment or separate counts thereof is a hornbook principle."). It is also settled that the government may move to dismiss a count under Rule 48(a) even after the charge at issue has resulted in a finding of guilt, *see, e.g.*, *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009) – whether "because of a guilty plea," *id.*, or because of a guilty verdict at trial, *see, e.g.*, *United States v. Williams*, 720 F.3d 674, 702 (8th Cir. 2013). *Cf. United States v. Smith*, 467 F.3d 785, 786-789 (D.C. Cir. 2006) (holding that district courts have jurisdiction to entertain unopposed Rule 48 motions even after a conviction becomes final, without ruling on the merits of Rule 48's scope). When the government moves under Rule 48, the role for courts addressing Rule 48(a) motions is "narrow" and circumscribed. *United States v. Fokker Servs.*, B.V., 818 F.3d 733, 742 (D.C. Cir. 2016).

In this case, the Court found the defendant guilty of four offenses – two felonies and two misdemeanors – almost a year ago, in November 2023. In light of the Supreme Court's recent decision in *Fischer*, however, additional litigation would be needed to determine the impact of *Fischer* on the defendant's conviction on Count 2. In the interest of efficiently proceeding towards sentencing on the defendant's other counts of conviction, the government is moving to voluntarily dismiss that count.

Accordingly, the government respectfully requests that the Court dismiss Count 2 with prejudice.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:   /s/ Carolyn Jackson

Carolyn Jackson
Assistant United States Attorney
D.C. Bar No. 1644971
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-7078
Email: Carolyn.Jackson@usdoj.gov

*/s/ Michael J. Romano*
  Michael J. Romano
  IL Bar No. 6293658
  Deputy Chief, Capitol Siege Section

*/s/ Anthony W. Mariano*
  Anthony W. Mariano
  MA Bar No. 688559
  Trial Attorney / Detailee
  Capitol Siege Section

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:21-cr-00311-CRC** |
| v. | : | |
| | : | |
| **JEREMY DANIEL GROSECLOSE,** | : | |
| | : | |
| Defendant. | : | |

## **PROPOSED ORDER**

Upon consideration of the United States' Unopposed Motion to Dismiss Count 2, it is hereby: ORDERED that the motion is GRANTED.

Date: _____
HONORABLE CHRISTOPHER R. COOPER
U.S. DISTRICT JUDGE