UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00311-CRC |
| v. | : | |
| | : | |
| JEREMY DANIEL GROSECLOSE, | : | |
| | : | |
| Defendant. | : | |

The United States, by and through its undersigned attorneys, respectfully submits this response to the defendant's motion to continue the sentencing to a date on or after October 28, 2024. ECF No. 114. For the reasons stated herein, the defendant's motion should be denied.

In this case, the Probation Officer has complied with all of Rule 32's requirements, and there are no timing issues requiring a continuance. As the defendant notes, the draft presentence reports were provided to him on February 26, 2024, and April 30, 2024; both dates are well in advance of the 35 days required by Fed. R. Crim. P. 32(e)(2). The United States moved to dismiss Count Two on August 2, 2024, and the parties submitted their objections to the presentence report on August 7, 2024.[1] The final presentence report was filed on September 23, 2024, which is nine days before sentencing and is compliant with the requirements of Rule 32(g). Pursuant to that rule, the final presentence report addresses the parties' objections and the probation officer's responses to them.

The defendant now complains that, pursuant to Rule 32(e)(2), he should have received the *final* presentence report 35 days before sentencing. His argument is obviously incorrect. Instead,

---

[1] Rule 32(f)(1) calls for the parties to submit objections within 14 days after receiving the presentence report. But here, due to the impact of *Fischer v. United States*, 144 S. Ct. 2176 (2024), the Court granted two unopposed motions by the government for an extension of time to file oppositions. ECF Nos. 108, 109.

the rule requires that the defendant "must be given the presentence report 'at least 35 days before sentencing,' [Fed. R. Crim. P.] 32(e)(2), to allow for a dialogue with respect to any objections made and for any adjustments to the presentence report, 'as appropriate.' *id.* 32(f)." *United States v. Dix*, 64 F.4th 230, 235 (4th Cir. 2023). The structure of the rule makes clear that the 35-day deadline in Rule 32(e)(2) is for the *initial* presentence report, because that same rule incorporates time for objections to be lodged within 14 days, Rule 32(f)(1), and allows the final presentence report to be provided to the Court and parties at least 7 days before sentencing. Rule 32(g). Under the defendant's view, the rule would simultaneously establish a 7-day deadline and a 35-day deadline for the final presentence report. To be blunt, this is nonsense.

Additionally, the timing of the final presentence report does not prejudice the defendant here. The defendant had the second draft presentence report about five months before his sentencing. It has gone through only minimal changes. The government commented on the draft presentence report only to note the dismissal of Count Two. ECF No. 113 at 33. Of course, the defendant knew of that dismissal two months before the sentencing date. And the presentence report writer disagreed with the defendant's objections, and so did not modify the presentence report based on them. They remain unresolved, and the writer noted her disagreement. *Id*. at 33-35. So, other than modifications resulting from the dismissal of Count Two, which are to the defendant's advantage, the final presentence report is the same as the draft he received about five months ago. The rules have been complied with, the defendant has received adequate notice of the presentence report, and his motion to continue should be denied.

        Respectfully submitted,
        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   */s/ Michael J. Romano*
        Michael J. Romano
        IL Bar No. 6293658
        Deputy Chief, Capitol Siege Section

        */s/ Anthony W. Mariano*
        Anthony W. Mariano
        MA Bar No. 688559
        Trial Attorney / Detailee
        Capitol Siege Section

        */s/ Carolyn J. Jackson*
        Carolyn J. Jackson
        D.C. Bar No. 1644971
        Assistant United States Attorney
        Capitol Siege Section