UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 21-cr-00311-CRC |
| ) | |
| JEREMY DANIEL GROSECLOSE., ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT JEREMY GROSECLOSE'S OPPOSITION TO GOVERNMENT'S MOTION FOR RESTITUTION**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

The foundational problem of the Government's request for an award of restitution in this case is that Mr. Groseclose did not injure any officer nor did he damage any property. There is no individual or entity that was directly victimized by his criminal conduct. For that reason alone, the Supreme Court foreclosed an order of restitution in this case in *Paroline v. United States*, 572 U.S. 434, 456 (2014), *Hughey v. United States*, 496 U.S. 411 (1990). No matter how the Government tries to rationalize the holdings in these two decisions, it cannot escape the following language when attempting to create the equivalent of "joint and several liability" for damages in a criminal case and extend it to co-defendants whose criminal acts are entirely distinct and separate from one another.

The statutes "authorize an award of restitution *only for the loss caused by the specific conduct* that is the basis of the offense of conviction…." Hughey, 495 U.S. at 413.

Restitution is available "only to the extent *the defendant's offense* proximately caused a victim's losses." *Paroline*, 572 U.S. at 448 (interpreting 18 U.S.C. § 2259, specifically applicable to child pornography convictions but with language identical to the restitution statutes at issue here.)

The requested restitution award is not tied to any conduct by Defendant Groseclose. He injured no officer that justifies an award of restitution to that officer, and he did not damage any property that would justify and award of restitution to the federal government. The Government offers no case authority to fill this gap.

In fact, to the extent the Government relies *Hughey,* that reliance seems to be misplaced. In *Hughey,* the District Court had made an award of restitution that went beyond the amount of loss caused by the offense conduct for which the Defendant was convicted. Instead of limiting the award to the loss connected to the conviction, the trial court extended the award to include losses caused by fraudulent conduct committed against other persons. The Supreme Court reversed the award based on the language quoted above and sent the case back to the trial court to correct its error.

The Government's approach to its *Paroline* problem is similar. While the outcome of *Paroline* did require the defendant to pay restitution to his victims, the restitution award related to the costs incurred by the specific victim, who was a minor, for loss of income, medical treatment, and counseling – all of which had a direct connection to the defendant's offense conduct. There was a specific defendant who had incurred actual monetary losses, and those losses were directly caused by the defendant's offense conduct.

The result of the bench trial in this case was that Mr. Groseclose was convicted of violating 18 U.S.C. Sec. 231(a)(3), 18 U.S.C. Sec. 1512(c)(2), and 40 U.S.C. Sec. 5104. The Supreme Court's decision in *Fischer v. United States*, led to a motion by the Government to vacate the conviction on that count and to dismiss the charge. As a result, Defendant Groseclose only stands convicted of violations of 18 U.S.C. Sec. 231(a)(3) and 40 U.S.C. Sec. 5104.

The Superseding Indictment filed on December 21, 2021 allege the following conduct as to those counts.

Count One:

> On or about January 6, 2021, within the District of Columbia, Jeremy Daniel Groseclose, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his official duties incident to an during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

*See* ECF No. 25 at Pg. 1-2.

Count Five:

> On or about January 6, 2021, within the District of Columbia, Jeremy Daniel Groseclose, willfully and knowingly engaged in disorderly and disruptive conduct in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress.

*Id.* at Pg. 3.

Count Six:

> On or about January 6, 2021, within the District of Columbia, Jeremy Daniel Groseclose, willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building.

*Id.*

No "victim" is named or otherwise referred to.

Based on the above, this Court should deny the Government's Motion for Restitution.

Dated: December 19, 2024            Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
